UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62362-SMITH/VALLE

DAVID SAULSBERRY,

    Plaintiff,

v.

BRITNEY ELDER
a/k/a FTN Bae,

    Defendant.
_____

**OMNIBUS ORDER ON MOTIONS REGARDING DISQUALIFICATION
OF COUNSEL AND MOTION TO WITHDRAW AS DEFENSE COUNSEL**

THIS MATTER is before the Court upon three motions: (i) Defendant's Motion to Disqualify Plaintiff's Attorney for Conflict of Interest (ECF No. 36); (ii) Plaintiff's Motion to Strike Defendant's Motion to Disqualify Plaintiff's Counsel (ECF No. 39); and (iii) Attorney Reginald Mathis' Motion to Withdraw as Defense Counsel (ECF No. 49) (together, the "Motions").[1] The parties elected to have a U.S. Magistrate Judge decide pretrial motions. (ECF No. 15). Accordingly, having reviewed the operative First Amended Complaint (ECF No. 35), the Motions, the respective Responses (ECF Nos. 39, 40), and being otherwise duly advised in the matter, the undersigned determines the Motions as set forth below. Additionally, because the undersigned grants attorney Mathis' Motion to Withdraw as counsel for Defendant, the undersigned further recommends to the District Judge that the case be removed from the current trial schedule (and the corresponding calendar call scheduled for December 20, 2022) to allow Defendant time to retain new counsel or confirm that she will be proceeding without an attorney. Once Defendant indicates how she will proceed, the Court should

---

[1] The Court will determine Defendant's Motion to Dismiss (ECF No. 37) by separate order to follow.

require the parties to submit a Joint Scheduling Order with modified trial dates for the Court's consideration.

I.  **BACKGROUND**

Plaintiff David Saulsberry has filed a First Amended Complaint and Demand for Jury Trial against Defendant Britney Elder asserting six counts involving alleged defamatory statements. *See generally* (ECF No. 35) (the First Amended Complaint).[2] In brief, according to the First Amended Complaint, Plaintiff is a major recording artist signed to a major music label, who performs under the name "Doodie Lo." (ECF No. 35 at ¶ 1). Defendant, in turn, is a social media adult model and influencer who is known as "FTN Bae." *Id.* ¶ 3. In May 2021, Plaintiff and Defendant met and became romantically involved. *Id*. at ¶ 29. In mid-September 2021, Plaintiff ended the relationship with Defendant, who allegedly "began her intentional campaign to defame and destroy Plaintiff for rejecting her." *Id.* ¶ 32-33.

More specifically, Plaintiff alleges that on October 27, 2021, Defendant "published a doctored recording of her minor son crying . . . stating that Plaintiff had sexually abused him." *Id.* at ¶ 7. Thereafter, on January 7, 2022, Defendant allegedly continued to defame Plaintiff through a police report in which Defendant changed her statement that the alleged sexual assault involved Plaintiff's penis versus the initial statement that the alleged sexual assault involved nails. *Id.* ¶ 9. Subsequently, Defendant made an "apology video" on Instagram, that she later recanted. *Id.* ¶ 10, 12. Lastly, Plaintiff alleges that Defendant continued to defame Plaintiff by stating that he had not taken a lie detector test. *Id.* at ¶ 15.

The case is currently scheduled for trial in January 2023. (ECF No. 19).

---

[2] For purposes of the instant summary, the factual allegations in the First Amended Complaint are accepted as true. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citations omitted); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citations omitted).

II.     **DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S ATTORNEY (ECF NO. 36)**

    A.     **Legal Standard for Motion to Disqualify**

Attorneys practicing in the Southern District of Florida are governed in their professional conduct by the Rules Regulating the Florida Bar. *See* S.D. Fla. Local Rule 11.1(c). To disqualify an attorney, the court must identify a specific Rule of Professional Conduct that the attorney violated. *See Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). The party bringing a motion to disqualify bears the burden of proving the grounds for disqualification. *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006) (citing *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003)). In analyzing a motion to disqualify, the court must "be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely choose counsel." *Woods v. Covington Cnty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976).[3] Disqualifying a party's chosen counsel is a remedy that the court should resort to sparingly. *See Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982); *Herrmann*, 199 F. App'x at 752 ("A disqualification order is a harsh sanction, often working substantial hardship on the client and should therefore be resorted to sparingly.") (quotations omitted). Additionally, "[b]ecause a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist." *BellSouth Corp.*, 334 F.3d at 961 (quotations and citations omitted). A court should also review a motion to disqualify with skepticism because it is often used for tactical purposes. *United States Commodity Futures Trading Comm'n v. Hunter Wise Commodities, LLC*, No. 12-CV-81311, 2013 WL 12082739, at *3 (S.D. Fla. Sept. 6, 2013) (citation omitted); *iRenew Bio Energy*

---

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), this Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

*Sols., LLC v. Harvest Direct, LLC*, No. 11-CV-81310, 2012 WL 13019196, at *2 (S.D. Fla. May 25, 2012); *see also Hermann*, 199 F. App'x at 752 ("A motion to disqualify should be viewed with caution for it can be misused as a technique of harassment.") (citation omitted).

Also relevant to the Motion to Disqualify are the Local Rules of this Court, which provide that "the standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating the Florida Bar." S.D. Fla. L.R. 11.1(c). In turn, Rule 4-1.9 of the Rules Regulating the Florida Bar governs conflict of interests where a lawyer has formerly represented a client. In relevant part, Rule 4-1.9 provides that:

> A lawyer who has formerly represented a client in a matter must not afterwards:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
>
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

R. Regulating the Fla. Bar 4-1.9.

"Matters are 'substantially related' for purposes of [Rule 4-1.9] if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client." Comment to R. Regulating the Fla. Bar 4-1.9. Additionally,

> Lawyers owe confidentiality obligations to former clients, and thus information acquired by the lawyer in the course of representing a client may not subsequently be used by the lawyer to the disadvantage of the client without the former client's consent. *However, the fact that a lawyer has once served a client does not preclude the lawyer from using generally known information about that client when later representing another client.* Information that has been widely disseminated by the media to the public, or that typically would be obtained by any reasonably prudent lawyer who had never represented the former client, should be considered generally known and ordinarily will not be disqualifying. The essential question is whether, but for having represented the former client, the lawyer would know or discover the information.

*Id.* (emphasis added).

Thus, to prevail on a motion to disqualify under Rule 4-1.9, the moving party must establish: (i) that an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship; and (ii) that the matters in the pending suit are substantially related to the previous matters or causes of action in which the attorney represented the client. *Cox v. Am. Cast Iron Pipe Co.*, 847 F.2d 725, 728-29 (11th Cir. 1988); *see also Perez v. City of Hialeah*, 526 F. Supp. 3d 1304, 1313 (S.D. Fla. 2020); *iRenew Bio Energy Solns.*, 2012 WL 13019196, at *2. This test recognizes that many times there exists no genuine threat that any confidences of the former client would be disclosed to its adversary. *Cox,* 847 F.2d at 728. At the same time, however, it prevents the client from being forced to reveal the confidences as a prerequisite to disqualification of its former attorney. *Id.*

### B. Defendant Has Failed to Meet Her Burden for Disqualification

Pursuant to Florida Bar Rule 4-1.9, Defendant seeks to disqualify Plaintiff's counsel, attorney Ariel Elise Mitchell, who previously represented Defendant around September 2020 in connection with "negotiating a Record Contract with 'Tha Lights Global Records LLC'" (the "Record Contract"). *See* (ECF No. 36 at 6); *see also id.* at 1-4. Upon a review of Defendant's Motion to Disqualify, Plaintiff's Motion to Strike Defendant's Motion to Disqualify (ECF No. 39) (the "Motion to Strike"),[4] and Defendant's Response to the Motion to Strike (ECF No. 40), the undersigned finds that Defendant has established the first prong of the relevant inquiry, i.e., Defendant had a prior attorney-client relationship with attorney Mitchell. The prior attorney-client relationship is evidenced by the

---

[4] Rather than file a response to the disqualification motion, Plaintiff filed a Motion to Strike (ECF No. 39), which effectively responds to the issues raised in Defendant's Motion to Disqualify. *Compare* (ECF No. 36), *with* (ECF No. 39). Defendant, in turn, filed a response to Plaintiff's Motion to Strike. *See* (ECF No. 40). The undersigned has comprehensively considered the filings in determining the Motions.

unrebutted Engagement Letter and Fee Arrangement attached to Defendant's Motion. (ECF No. 36 at 6-8). Accordingly, Defendant has met the first prong of the relevant inquiry under Rule 4-1.9. The Court's inquiry, thus, moves to the second prong of the analysis.

Under the second prong of Rule 4-1.9, Defendant must demonstrate that the matters in the pending suit are substantially related to the previous matters or causes of action in which attorney Mitchell represented Defendant. *Cox*, 847 F.2d at 729. Here, the prior attorney-client relationship between attorney Mitchell and Defendant involved an unrelated Record Contract. In contrast, the current litigation involves claims by Plaintiff against Defendant for alleged defamatory statements. *See generally* (ECF No. 35). The two matters are wholly different and there is no evidence before the Court to establish that the prior attorney-client relationship is in any way substantially related to the claims at issue. *See, e.g., Hernandez v. Royal Caribbean Cruises Ltd.*, No. 10-CV-21636, 2010 WL 3522210, at *6 (S.D. Fla. Sept. 7, 2010) (denying a motion to disqualify where defendant failed to show that there was a substantial relationship between the previous representation and the subsequent litigation). Accordingly, Defendant has failed to establish the second prong of Rule 4-1.9(a).

Defendant references Rule 4-1.9(b), which prohibits the use information relating to the prior representation to the disadvantage of the former client. (ECF No. 36 at 2). Upon inspection, however, Defendant's conclusory statements regarding the purported use of confidential information[5] are outweighed by evidence that: (i) the prior attorney-client relationship involved a different subject matter relating to a Record Contract whereas the instant action alleges claims of defamation; (ii) the

---

[5] For example, Defendant summarily argues that: "Attorney Mitchell can now use [confidential information] in the instant lawsuit to the detriment of the Defendant in this case;" "Attorney Mitchell has also alleged matters about the Defendant in this litigation, which she was informed of by mutual friends of Attorney Mitchell and the Defendant." *See* (ECF No. 36 at 2, 3); *see also* (ECF No. 40 at 3) ("The courts apply the [irrebuttable] presumption of disclosed confidences to disqualify an attorney who undertakes an adverse representation against a former client.").

individuals involved in the prior attorney-client relationship are different from the Plaintiff in this case; and (iii) the alleged facts surrounding the Record Contract have no relationship to the factual allegations in this defamation action.  Moreover, the commentary to Rule 4-1.9 instructs that although "lawyers owe confidentiality obligations to former clients, and thus information acquired by the lawyer in the course of representing a client may not subsequently be used by the lawyer to the disadvantage of the client[,] *the fact that a lawyer has once served a client does not preclude the lawyer from using generally known information about that client when later representing another client*." Comment to R. Regulating the Fla. Bar 4-1.9 (emphasis added).  Here, there is no substantial risk that attorney Mitchell gained confidential information from her prior representation of Defendant in the Record Contract that could now be used in this defamation case.  *See Hernandez*, 2010 WL 3522210, at *6 (distinguishing the facts of the prior representation from the facts of the subsequent case); *see also Access Med. Lab'ys, Inc. v. AML Diagnostics, Inc.*, No. 16-CV-81561, 2017 WL 7726730, at *3 (S.D. Fla. Mar. 31, 2017), *report and recommendation adopted*, 2017 WL 7731791 (S.D. Fla. Apr. 18, 2017) (concluding that the nature of the prior services do not suggest that counsel obtained information particularly relevant to the subsequent action).  In sum, Defendant has failed to demonstrate that attorney Mitchell's prior representation of Defendant in the Record Contract is substantially related to the instant defamation action.  Accordingly, Defendant's Motion to Disqualify attorney Mitchell is denied.

### III. PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL (ECF NO. 39)

As discussed above, the Court denies Defendant's Motion to Disqualify Plaintiff's counsel because Defendant has failed to meet her burden under the applicable law and Rules.  Nonetheless, the undersigned, has reviewed Plaintiff's Motion to Strike and considers it in form and substance.

As to form, Plaintiff's Motion to Strike would have been more appropriately filed as a response to Defendant's Motion to Disqualify. Although Plaintiff failed to follow best practice, the Court construes the Motion to Strike as a response and considered the issues in ruling on Defendant's Motion to Disqualify above.

As to substance, Plaintiff seeks to strike a motion pursuant to Federal Rule of Civil Procedure 12(f) and Florida Rule of Civil Procedure 1.140(f). Both Rules allow the Court to strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time, but only the federal rules applies to this Court. The undersigned, however, finds nothing redundant, immaterial, impertinent, or scandalous in Defendant's Motion to Disqualify to warrant striking it. Additionally, Plaintiff's Motion to Strike is mostly a rendition of counsel's prior meeting/representation of Defendant, with little caselaw on the issue. Accordingly, Plaintiff's Motion to Strike is denied.

### IV. MOTION TO WITHDRAW AS DEFENSE COUNSEL

On October 28, 2022, counsel Reginald A. Mathis filed a motion to withdraw pursuant to Local Rule 11.1 and the Rules Regulating the Florida Bar 4-1.16(4).[6] (ECF No. 49). These rules govern an attorney's withdrawal of appearance and/or terminating a representation. Here, attorney Mathis represents that "Defendant has not fulfilled her contractual commitments" and has "expressed dissatisfaction with counsel's representation." *Id.* at 1. Attorney Mathis further submits that "[t]here are irreconcilable differences." *Id.* According to the motion, neither Plaintiff nor Defendant object

---

[6] Although the Motion to Withdraw does not specify whether it seeks relief pursuant to Florida Bar Rule 4-16(a)(4) or (b)(4), based on a reading of the motion, the undersigned reasonably concludes that attorney Mathis seeks relief pursuant to subdivision (b)(4) of Rule 4-16, which permits withdrawal where "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Conversely, subdivision (a)(4) of Rule 4-16 requires terminating a representation where " the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud."

to attorney Mathis' withdrawal.[7] *Id.* at 1, 2. Accordingly, attorney Mathis' Motion to Withdraw is granted as further discussed below.

## V.     CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Disqualify Plaintiff's Attorney for Conflict of Interest (ECF No. 36) is **DENIED**;

2. Plaintiff's Motion to Strike Defendant's Motion to Disqualify Plaintiff's Counsel (ECF No. 39) is **DENIED**; and

3. Attorney Mathis' Motion to Withdraw as Defense Counsel (ECF No. 49) is **GRANTED**. More specifically:

   a. Within **three business days** from the date of this Order, attorney Mathis must serve a copy of this Order on Defendant via email and First Class Mail, and file a Notice of Compliance regarding the same; and

   b. Within **30 days** from the date of receiving Notice, Defendant must retain new counsel (who must file a Notice of Appearance) or file a Notice that she intends to proceed without counsel. If Defendant fails to timely comply with this Order, Plaintiff may seek a default judgment against Defendant.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on December 5, 2022.

*[signature: Alicia O. Valle]*

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    All Counsel of Record

---

[7] Although attorney Mathis failed to include a current mailing address for his client as required by Local Rule 11.1(d)(3)(A), the undersigned will rely on his representation as an officer of the Court that his client does not oppose the Motion. Counsel must provide a current mailing address for his client upon filing a Notice of Compliance.