UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62362-CIV-SMITH

DAVID SAULSBERRY,

      Plaintiff,

vs.

BRITNEY ELDER,

      Defendant.

_____/

## ORDER DENYING MOTION FOR RELIEF AND TO RECONSIDER

This cause is before the Court upon Plaintiff's Motion for Relief and to Reconsider the Court's August 15, 2023 Order and to Clarify the Court's May 5, 2023 Order [DE 141]. Plaintiff seeks reconsideration of the Court's August 15, 2023 Paperless Order [DE 139] striking Plaintiff's Motion for Summary Judgment [DE 136] as untimely.

Plaintiff bases her arguments on a misreading of the Court's May 5, 2023 Paperless Order [DE 133], which states, in its entirety:

> PAPERLESS ORDER denying as moot 90 Defendant's Motion for Remote Testimonies. Defendant may refile any such motion thirty days before this matter is set for trial.

Plaintiff has cherry-picked the phrase "any such motion thirty days before this matter is set for trial" and interpreted it to mean that either party may file any motion thirty days before trial. However, when the complete sentence is read in the context of the entire order, it is clear that the order only permits the filing of a motion for a witness to testify at trial remotely. There is nothing in the May 5, 2023 Paperless Order that opens the door to the filing of any other motions.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Relief and to Reconsider the Court's August 15, 2023 Order and to Clarify the Court's May 5, 2023 Order [DE 141] is **GRANTED in part and DENIED in part:**

a.      The Motion for Reconsideration is **DENIED.**

b.      The Motion for Clarification is **GRANTED**, as set forth in this Order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of August, 2023.

RODNEY SMITH
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record/pro se parties