UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62362-SMITH/VALLE

DAVID SAULSBERRY,

    Plaintiff,

v.

BRITNEY ELDER
a/k/a FTN Bae,

    Defendant.
_____

### REPORT AND RECOMMENDATION TO DISTRICT JUDGE

This cause comes before the Court upon Plaintiff's Motion for Award of Attorney's Fees and Costs (ECF No. 177) (the "Motion"). United States District Judge Rodney Smith has referred the Motion to the undersigned for appropriate resolution. (ECF No. 19 at 2). On January 11, 2024, the undersigned issued an Order to Show Cause. (ECF No. 189). To date, however, Defendant has failed to respond to the Motion or to this Court's Order to Show Cause.

Having reviewed the Motion, and being otherwise fully advised in the matter, the undersigned recommends that Plaintiff's Motion be **DENIED** as set forth below.

### I.    BACKGROUND

The background and procedural history of this case have been summarized in the Court's prior Orders, which are incorporated by reference. *See, e.g.*, (ECF No. 51) (Omnibus Order on Motions Regarding Disqualification of Counsel and Motion to Withdraw as Defense Counsel), (ECF No. 57) (Order on Defendant's Motion to Dismiss). Relevant to the Motion, in November 2021, Plaintiff David Saulsberry filed a First Amended Complaint and Demand for Jury Trial against Defendant Britney Elder asserting several counts involving alleged defamatory statements.

*See generally* (ECF No. 35) (the "First Amended Complaint"). After extensive pretrial proceedings, including numerous motions by both Plaintiff and pro se Defendant, in February 2023, the Court held an initial trial, which resulted in a jury verdict. (ECF Nos. 107-109). That verdict, however, was vacated for reasons not relevant to the Motion. (ECF Nos. 110, 111, 116). Thereafter, the case was reset for a second trial, which was held in December 2023. (ECF Nos. 168-73). The claims at the December 2023 trial included Plaintiff's claims for defamation and defamation per se. *See* (ECF Nos. 172, 173); *see also* (ECF No. 176 at 8-12) (jury instructions on defamation, defamation per se, and damages).

After the December 2023 trial, the jury returned a verdict in favor of Plaintiff and against Defendant. (ECF No. 172). Following the jury verdict, the Court entered a Final Judgment in favor of Plaintiff and against Defendant in the amount of $1,250,000. (ECF No. 175). The instant Motion followed. *See generally* (ECF No. 177). In January 2024, the undersigned issued an Order to Show Cause why the Motion should not be granted. (ECF No. 189). To date, however, Defendant has failed to respond to the Motion or to this Court's Order to Show Cause.

## II.     DISCUSSION

### A.     Plaintiff is Not Entitled to Attorney's Fees

The party seeking attorney's fees bears the burden of establishing entitlement. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); s*ee also ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.") (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Where, as here, the Court's jurisdiction is based on diversity of citizenship, Florida law governs a party's entitlement to attorney's fees.[1]  *See McMahan v. Toto*, 256 F.3d

---

[1] Plaintiff is a resident of Illinois and Defendant is a resident of Florida. (ECF No. 35 ¶¶ 2, 5). Thus, Florida law applies. *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th

1120, 1132 (11th Cir. 2001); *Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008) (noting that the Eleventh Circuit has "consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law"). Further, "Florida courts follow the 'American Rule' that attorney's fees may only be awarded pursuant to an entitling statute or agreement among the parties." *Dade Cnty. v. Pena*, 664 So. 2d 959, 960 (Fla. 1995).

Here, Plaintiff argues that he is entitled to an award of reasonable fees and costs resulting from the favorable jury verdict on his defamation claims. *See* (ECF No. 177 at 2). For purposes of entitlement, Plaintiff references the parties' Joint Pretrial Stipulation, in which the parties set forth an "estimate" of "where attorney's fees may be awarded to the prevailing party." *Id.*; *see also* (ECF No. 96 at 15) (the "February Joint Pretrial Stipulation"); (ECF No. 153 at 13-14) (the "October Joint Pretrial Stipulation"), together, the ("Pretrial Stipulations")). According to the Pretrial Stipulations, if Plaintiff prevailed on his claims, the maximum allowable amount of fees would be $500,000. *Id.*

Despite the language in the Pretrial Stipulations, Plaintiff's Motion nonetheless fails for several reasons. First, Plaintiff has failed to meet his burden to show that he is entitled to attorney's fees pursuant to a statute or contract. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) ("Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."). Although Plaintiff prevailed on the merits of the defamation claims through a favorable jury verdict, Plaintiff is not automatically entitled to an award of attorney's fees. *In*

---

Cir. 2011), *certified question answered*, 107 So. 3d 362 (Fla. 2013) ("As a federal court sitting in diversity jurisdiction, we apply the substantive law of the forum state, in this case Florida, alongside federal procedural law.").

*re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by statute or contract).

Second, Plaintiff's reliance on the Pretrial Stipulations is misplaced. The February Joint Pretrial Stipulation described "*where* attorney's fees *may* be awarded to the prevailing party." (ECF No. 96 at 15). On its face, it does not reflect the parties' agreement to an award of fees. Such equivocal language cannot be the basis for an affirmative entitlement to attorney's fees, particularly where the case proceeded to a second trial and subsequent October Joint Pretrial Stipulation before the ultimate jury verdict. *See* (ECF Nos. 153, 172). Moreover, the October Joint Pretrial Stipulation contained similar language and, more importantly, was not signed by Defendant. *See* (ECF No. 153). Under these circumstances, Plaintiff has not met his burden to show entitlement to fees pursuant to a contract or agreement of the parties.

Third, Plaintiff's Motion fails to reference any case law or statute that provides prevailing party attorney's fees on defamation/defamation per se actions like this one. *Cf. Mac Isaac v. Twitter, Inc.*, 557 F. Supp. 3d 1251, 1261 (S.D. Fla. 2021) (granting defendants fees and costs under Florida's anti-SLAPP statute).[2] In the absence of governing case law, the undersigned finds that Plaintiff has not shown that he is entitled to attorney's fees for prevailing on his defamation claims. *See, e.g., Carroll-Brufsky v. E.W. Scripps Co.*, No. 11-CV-500-FTM-99, 2012 WL 1165334, at *3 (M.D. Fla. Apr. 9, 2012) (striking plaintiffs' claim for attorney's fees where defamation claim did not establish a statutory or contractual basis for entitlement).

Lastly, Plaintiff's Motion also fails procedurally in that it does not comply with the Local Rules of this Court governing motions for attorney's fees. *See, e.g.*, S.D. Fla. L.R. 7.3(a)

---

[2] Referencing Florida's anti-strategic lawsuit against public participation (Anti-SLAPP) statute at Fla. Stat. § 768.295. The Anti-SLAPP statute is not at issue in this case. *See* (ECF No. 57 at 4-5) (the undersigned's Order determining that the Anti-SLAPP statute did not apply to this case).

4

(requiring a description and documentation of all fees incurred). Accordingly, for the reasons set forth above, the undersigned recommends that Plaintiff's request for attorney's fees be **DENIED**.

### B. Plaintiff May Be Entitled to Taxable Costs Pending Supportive Documentation

Under Federal Rule of Civil Procedure 54, unless a federal statute, the federal rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. Fed. R. Civ. P. 54. Thus, for purposes of Rule 54(d), a prevailing party is entitled to its costs unless the District Court has some special reason to deny the costs. *See, e.g., Quality of Life, Corp. v. City of Margate*, No. 17-CV-61894, 2020 WL 8812832, at *6 (S.D. Fla. Dec. 9, 2020), *report and recommendation adopted*, 2021 WL 612321 (S.D. Fla. Feb. 17, 2021) (citation omitted) ("The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them."); *see also U.S. E.E.O.C. v. W&O*, Inc., 213 F.3d 600, 620 (11th Cir. 2000) ("Prevailing parties are entitled to receive costs under [Rule] 54(d).").

Moreover, although the Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, the Court may not tax as costs items not authorized by the statute. *See, e.g., Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *W&O, Inc.*, 213 F.3d at 620 (citing *Crawford Fitting*, 482 U.S. at 445). The items that may be taxed as costs under § 1920 include: (i) fees of the Clerk and Marshal; (ii) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (iii) fees and disbursements for printing and witnesses; and (iv) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920(1)-(4). Lastly, although the Court has discretion in determining whether to award costs to a prevailing

party, the Court must give a reason for denying costs. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

Here, in conclusory fashion and without supportive documentation, Plaintiff seeks $22,628.42 in costs. (ECF No. 177 at 2, 11). Although Plaintiff may be entitled to taxable costs under Rule 54 as the prevailing party, Plaintiff fails to comply with the Local Rules governing requests for costs. More specifically, Local Rule 7.3 requires that a party seeking taxable costs under 28 U.S.C. § 1920 file and serve a Bill of Costs, including a supportive memorandum and documentation. S.D. Fla. 7.3(a), (c). Plaintiff's noncompliance with the Local Rule requires that his request for costs be denied. Nevertheless, Plaintiff should be permitted to refile his request for an award of costs, including proper documentation and support.

Accordingly, the undersigned recommends that the District Judge **DENY WITHOUT PREJUDICE** Plaintiff's request for costs, pending Plaintiff's filing of supportive documentation in compliance with Local Rule 7.3.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Award of Attorney's Fees and Costs (ECF No. 177) be **DENIED**. Although Plaintiff is not entitled to attorney's fees, Plaintiff may be entitled to appropriate costs pursuant to Rule 54. Accordingly, within **7 days** from the date of this Report and Recommendation ("R&R"), Plaintiff must file and serve a Bill of Costs pursuant to Local Rule 7.3(c), including documentation to support the costs requested. S.D. Fla. L.R. 7.3.

Further, within **14 days** after being served with a copy of this R&R, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely

object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this R&R.  11th Cir. R. 3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140 (1985).

Lastly, within **3 business days** from the date of this R&R, Plaintiff must serve Defendant with this R&R and file Notice of the same.  Because Plaintiff has indicated that recent mailings to Defendant have been returned as undeliverable, *see* (ECF Nos. 199, 201 at 1), Plaintiff's Notice must include evidence of a records search or other reliable method supporting a good faith effort to locate a current address for Defendant.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on May 10, 2024.

*[signature]*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    All counsel of record